WILLIAMS, AN INFANT, APPELLANT, *v.* THE MARION
RAPID TRANSIT, INC., APPELLEE.

(No. 1001—Decided May 12, 1948.)

*Mr. Colonel G. L. Yearick, Mr. R. N. Larrimer* and
*Messrs. Martin & Reed,* for appellant.
*Messrs. Wilhelm & Robinson,* for appellee.

JACKSON, P. J.   The appeal is one on questions of
law.

A demurrer to the petition of the plaintiff was sus-
tained in the court below.  The petition was dismissed
and judgment was rendered in favor of the defendant,
which is the judgment from which this appeal is taken.

The petition of the plaintiff alleges that the plain-
tiff is an infant and files her petition by her next friend
and father; that on the 4th day of April 1941 the
plaintiff was an existing viable child and her mother
Ruth Williams, now deceased, was then pregnant
with her; that plaintiff was born, prematurely, within
seven months; that on the aforesaid date the mother
of the plaintiff was a paying passenger on a bus oper-
ated by the defendant, The Marion Rapid Transit, Inc.;
that the defendant, its agents, servants and employees
so negligently operated the bus that the mother of the
plaintiff fell from the steps of the bus and suffered
injuries to her left side, back, genital organs and ner-

vous system, from which injuries the mother eventually died; that the injuries to her mother and to the plaintiff, produced by the negligent acts of the defendant, its servants, agents and employees, caused the plaintiff to be injured and prematurely born; and that the plaintiff's injuries were the direct and proximate result of the injuries which she received by reason of the fall of her mother and the premature birth of herself.

As a demurrer admits all well pleaded facts, there is only one issue to be determined by this court, which although stated in three different ways, is still but one question.

1. Is a viable child, injured while *en ventre sa mere* and surviving such injury, without remedy under the law of Ohio for such injuries, where they are permanent and suffered by reason of the negligence of another?

2. Can a child, after birth, recover for prenatal personal injuries suffered by reason of the negligence of another?

3. If the infant survives, can it maintain an action for damages for injuries received while in the womb of the mother?

Eminent and many decisions are adverse to a recovery. Many of the courts rule that precedents are binding and that there is no relief, while at the same time the courts indicate that natural justice points the other way.

"It is a general rule of law that in the absence of a statutory provision requiring a different result, a prenatal injury affords no basis for an action in damages in favor of the child. The doctrine of the civil law and the ecclesiastical and admiralty courts that an unborn child may be regarded as *in esse* for some purposes, when for its benefit, has been characterized as a legal fiction not indulged in by the courts to the

extent of allowing an action by an infant for injuries occasioned before its birth. A reason advanced for this rule is that there is no person in being at the time of the accident to whom the defendant owes a duty of care. There is, however, some difference of opinion on the question.'' 52 American Jurisprudence, 440, Section 98.

Many courts insist that there must be a fiction of the law or a statutory authority to allow a recovery.

This court is of the opinion that neither a statute nor a fiction of law is necessary, and that recovery can be had.

Although the civil law and the ecclesiastical and admiralty courts indulge themselves in a legal fiction to allow recovery, yet it is said that the common law does not indulge in such a fiction.

''Life is the immediate gift of God, a right inherent by nature in every individual; and it begins in contemplation of law as soon as an infant is able to stir in the mother's womb. * * * And in this point the civil law agrees with ours.'' 1 Blackstone's Commentaries (Lewis' Ed.), 129, 130.

The offense of abortion of a quick child is homicide or manslaughter. A child *en ventre sa mere* is capable of having a legacy made to it. It may have a guardian assigned to it. It may have an estate limited to its use and to take afterwards by such limitation as if it were actually born. Blackstone's Commentaries (Gavit's Ed.), 70.

An unborn infant may be made an executor of an estate. *Ibid.,* 511.

If the child in its mother's womb is born alive and dies by reason of a potion or bruises received in the womb it seems to be murder. *Ibid.,* 833.

For a mother to receive a stay of execution in a capital crime the child must be alive in the womb. *Ibid.,* 930.

"Biologically speaking, the life of a human being begins at the moment of conception in the mother's womb." 27 American Jurisprudence, 747, Section 3.

However, there is a medical distinction between the terms embryo and viable foetus. The embryo is a foetus in its earliest stage of development, especially before the end of the third month, but the term viable means that the foetus has reached such a stage of development that it can live outside the uterus.

The duty of a court, within a limited sphere, should be not so much in extracting a rule of law from the precedents as in making an appraisal and comparison of social values, the result of which may be decisive in determining what rule to apply. Common Law and the United States, Chief Justice Stone, 50 Harvard Law Review (1936-1937), 4, 5, 6, 7.

Anglo-American law is fortunate indeed in entering upon a new period of growth with a well established doctrine of lawmaking by judicial decision. Undoubtedly judicial empiricism was proceeding overcautiously at the end of the last century. If the last century insisted overmuch upon predetermined premises and a fixed technique, it did not lose to our law the method of applying the judicial experience of the past to the juridical questions of the present. Pound's The Spirit of the Common Law, 181, 182.

That a right of action in cases of this character would lead to others brought in bad faith and might present insuperable difficulties of proof is no reason to deny recovery. The law is presumed to keep pace with the sciences, especially the medical science. We are concerned here only with the right and not its implementation. *Bonbrest* v. *Kotz*, 65 F. Supp., 138.

"A person who negligently causes harm to an unborn child is not liable to such child for the harm." Restatement of Torts, 404, Section 869.

On the same page, *ibid.*, is a caveat which reads: "The Institute takes no position upon the question whether there is liability to a child hurt while unborn by a person who intentionally or recklessly and without excuse harms the mother or child."

Why this distinction? See 22 Boston University Law Review (1942), 621.

"The art of jurisprudence should find expression in the closeness to absolute justice achieved * * *." *Couk v. Ocean Accident & Guarantee Corp., Ltd.*, 138 Ohio St., 110, 116, 33 N. E. (2d), 9.

It is the opinion of this court that an infant as an existing viable child in its mother's womb has a cause of action after birth for injuries caused by the negligence of another.

For the reasons mentioned, the judgment of the Common Pleas Court is reversed, the demurrer overruled and the cause remanded to the Court of Common Pleas for further proceedings according to law.

We find that the judgment upon which we have agreed is in conflict with a judgment pronounced upon the same question by the Court of Appeals of the Seventh Appellate District, in the case of *Mays, a Minor*, v. *Weingarten, d. b. a. Youngstown House Wrecking Co.* (unreported), numbered 2939 in such court.

By reason of the conflict, the judges of this court respectfully certify this case to the Supreme Court of Ohio for review and final determination.

*Judgment reversed.*

GUERNSEY and MIDDLETON, JJ., concur.